In the

# United States Court of Appeals
### For the Seventh Circuit

No. 02-1208

STEPHANIE BECKEL,

*Plaintiff-Appellant,*

v.

WAL-MART ASSOCIATES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-CV-4196-DRH—**David R. Herndon,** *Judge.*

ARGUED JULY 9, 2002—DECIDED AUGUST 29, 2002

Before POSNER, RIPPLE, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff appeals from the grant of summary judgment to her former employer, arguing only that the defendant should have been equitably estopped to plead the bar of the statute of limitations to her Title VII suit for sexual harassment. The doctrine of equitable estoppel, when invoked as a defense to the statute of limitations, requires the plaintiff to show that the defendant took steps deliberately to prevent the plaintiff from bringing a timely suit, whether by concealing the existence of the plaintiff's claim or by promising not to plead the statute of limitations. *Glus v.*

*Brooklyn Eastern District Terminal*, 359 U.S. 231, 235 (1959); *Hedrich v. Board of Regents*, 274 F.3d 1174, 1182 (7th Cir. 2001); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-52 (7th Cir. 1991); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580-81 (D.C. Cir. 1998). Which shows, by the way, that the doctrine is not, as argued by Wal-Mart's lawyer, a synonym for fraudulent concealment. A promise not to plead the statute of limitations is a common basis for equitable estoppel even if the promise, though later broken, was honestly intended when made, so that there is no element of fraud or concealment. *Singletary v. Continental Illinois Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993); *Cange v. Stotler & Co.*, 826 F.2d 581, 587 (7th Cir. 1987); cf. *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706, 726 (2d Cir. 2001).

When the plaintiff, who worked as a loss-prevention associate at a Wal-Mart distribution center, complained to her superiors that her immediate supervisor was harassing her sexually, the center's general manager told her not to discuss her allegations with anyone other than himself and the center's other management-level employees. She understood this to mean that she could not hire a lawyer or file a complaint with the EEOC without jeopardizing her employment, and as a result she delayed filing her complaint until she was fired (for what the company claims were unrelated reasons). The consequence of the delay was that the complaint was filed more than 300 days after her claim of harassment accrued and so was untimely; and the filing of a timely administrative complaint is a prerequisite to suit. 42 U.S.C. § 2000e-5(e). She argues that the implicit and effective threat to retaliate against her if she took legal action should estop the company to plead the statute of limitations.

If the employer merely orders the employee not to talk to anyone except the employer's managers about her al-

legation of sexual harassment, and she misunderstands this to mean that talking to a lawyer or filing an administrative complaint or a lawsuit would be considered employee misconduct and jeopardize her job, there is no basis for finding equitable estoppel unless the employer phrases the order in a way calculated to mislead a reasonable person. See *Teamsters & Employers Welfare Trust of Illinois v. Gorman Bros. Ready Mix*, 283 F.3d 877, 882-84 (7th Cir. 2002); *Mull v. Arco Durethene Plastics, Inc.*, 784 F.2d 284, 292 (7th Cir. 1986); *Smith-Haynie v. District of Columbia, supra*, 155 F.3d at 581. For an employer has a right to take steps to prevent an employee from spreading what may be groundless rumors concerning improper conduct by another employee. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001); *Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000); *Felty v. Graves-Humphreys Co.*, 785 F.2d 516, 519 (1986), aff'd after remand, 818 F.2d 1126 (4th Cir. 1987); *Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors* (EEOC June 18, 1999), EEOC Compliance Manual (CCH) § 615, ¶ 3116, p. 3257.

We have described the threat of retaliation as implicit but the plaintiff also claims that at the same meeting the general manager told her, in the words of her affidavit, "that my employment would be terminated if I disclosed the incident to anyone other than management." This allegation, however, cannot be credited, because of its inconsistency with her deposition, where, when asked whether she remembered "anything else" that had been said to her at the meeting, she replied "no." Affidavits, though signed under oath by the affiant, are typically and here written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy. *Cleveland v. Policy Management Systems Corp.*,

526 U.S. 795, 806-07 (1999); *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995); *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991). The explanation, moreover, must come in the affidavit itself, see *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104-05 (7th Cir. 1985); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 861-62 (7th Cir. 1985); *Colantuoni v. Alfred Calcagni & Sons*, 44 F.3d 1, 4-5 (1st Cir. 1994); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983), not in a lawyer's musings, see *EEOC v. United Parcel Service*, 94 F.3d 314, 316 n. 2 (7th Cir. 1996), which are not evidence. See *Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852-53 (7th Cir. 2002); *In re Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985); *Wood ex rel. United States v. American Institute in Taiwan*, 286 F.3d 526, 534 (D.C. Cir. 2002).

The plaintiff's affidavit, filed a suspiciously long seven months after the deposition, offers no reason for the discrepancy. Her lawyer argues that "the reason it [the threat to terminate her] was not mentioned in her deposition was because it was never addressed by Wal-Mart's counsel during the deposition." The argument is entitled to no weight because it is just a lawyer's unsworn argument, not the affiant's testimony (or testimonial equivalent) under oath. It is also a very poor argument, since he was present at his client's deposition and could have asked her about the threat; and if it was apparent that she was having memory problems, he could even have asked her leading questions about it. Fed. R. Evid. 611(c) and Note of Advisory Committee; *Roberson v. United States*, 249 F.2d 737, 742 (5th Cir. 1958); 3 *Wigmore on Evidence* § 777, p. 169 (James H. Chadbourn ed. 1970). He adds that the threat "was also not mentioned by Beckel's own attorney [i.e., himself, during her deposition] for tactical reasons at that time." That is another bad as well as weightless reason, which at oral argument he abandoned, arguing instead

that he had slipped up at the deposition and should have tried to jog his client's memory. Too late; the mistake of a deponent's lawyer is no ground for allowing his client to contradict her deposition by a subsequent affidavit. *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969); see generally *Kagan v. Caterpiller Tractor Co.*, 795 F.2d 601, 611 (7th Cir. 1986).

Even if there were admissible evidence that Wal-Mart had threatened the plaintiff with firing her if she sued, this would not make out a defense of equitable estoppel. Such a threat would be a form of anticipatory retaliation, actionable as retaliation under Title VII. *Johnson v. ITT Aerospace/Communications Division*, 272 F.3d 498, 500-01 (7th Cir. 2001); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1993); cf. *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000); *McEwen v. Delta Air Lines*, 919 F.2d 58, 59-60 (7th Cir. 1990). Rather than deterring a reasonable person from suing, it would increase her incentive to sue by giving her a second claim, in this case a claim for retaliation on top of her original claim of sexual harassment. To allow the use of retaliation as a basis for extending the statute of limitations would not only distort the doctrine of equitable estoppel but circumvent the limitations that Title VII imposes on suits for retaliation, including the statute of limitations, which the plaintiff's argument implies never runs on such a suit.

A threat to retaliate is different from a payment to the potential plaintiff in circumstances reasonably understood as constituting a bribe not to sue. See *Felty v. Graves-Humphreys Co., supra*, 784 F.2d at 519-20 ("a generous severance arrangement conditioned upon compliance with a code of silence would be a powerful inducement that might well lure an older worker into failing to defend his rights"); cf. *Kriegesmann v. Barry-Wehmiller Co.*, 739 F.2d 357

(8th Cir. 1984) (per curiam). Actually the impropriety of such a "bribe" is unclear to us, since another way to describe it is as an offer to settle a dispute out of court. But we need not decide the effect of such "bribes"; it is enough in this case to hold that a threat to retaliate is not a basis for equitable estoppel. *Kirk v. Hitchcock Clinic,* 261 F.3d 75, 78 (1st Cir. 2001).

The judgment for the defendant on the basis that the plaintiff's suit was time-barred is

AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*