Judy HENDRICKS, Plaintiff–Appellant,

v.

ILLINOIS DEPARTMENT
OF HUMAN SERVICES,
Defendant–Appellee.

No. 02–4117.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 2003.*

Decided Nov. 3, 2003.

Judy Hendricks, Peoria, IL, pro se.

Nadine J. Wichern, Office of the Attorney General, Chicago, IL, for Defendant–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Judy Hendricks, an African–American, sued the Illinois Department of Human Services under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981, alleging that IDHS created a racially hostile work environment and failed to promote her because of her race. The district court granted summary judgment for IDHS on both claims. Hendricks, now proceeding pro se, appeals only the dismissals of her Title VII claims. We affirm.

Hendricks worked for IDHS as a supervisor in Project Chance, Illinois' welfare-to-work program. In July 1997, IDHS began phasing out this program and implementing a replacement. As part of this transition, Hendricks was transferred to a local IDHS office under the supervision of Sandra Jones.

In her deposition testimony, Hendricks asserted that Jones and her staff harassed her because of her race when she came to the local office. She pointed out, for instance, that they reprimanded her without reason, screened her calls and mail unnecessarily, and denied her access to client files that she needed to do her job. She also stated that Jones kept her from advancing professionally by denying her training opportunities available to other managers and convincing a community organization to remove her from its board.

Also during this time Hendricks applied for a promotion. IDHS informed her in May 1998 that she was passed over for another candidate who is white. She believes that she was more qualified than this candidate but that IDHS hired the candidate because of race. Subsequently, Hendricks used IDHS's internal grievance procedure to file a complaint of discrimination, which after a year-long investigation was denied. On August 6, 1999, more than 14 months after she was passed up for promotion, she filed a charge with the Equal Employment Opportunity Commission.

After receiving her right-to-sue letter, Hendricks brought this suit. The district court granted summary judgment for IDHS on her hostile work environment claim, holding that she failed to show the requisite abusive conduct or discriminatory intent. As for her failure-to-promote claim, the court initially denied summary judgment, finding that there was an issue of material fact for trial on the issue of pretext. Subsequently, however, IDHS asserted that this claim was time-barred. The court directed the parties to brief the issue, and eventually granted summary judgment to IDHS because Hendricks did not file her EEOC charge within the applicable statute of limitations.

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the non-moving party. *Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 526 (7th Cir.2003).

On appeal, Hendricks first argues that equitable tolling and equitable estoppel apply to her failure-to-promote claim, which, she maintains, was improperly denied as time-barred. Although her precise argument is difficult to discern, she seems to contend that the statutory period in which to file her EEOC charge should be tolled for the year that she was pursuing her claims through IDHS's internal process.

A Title VII plaintiff must file an EEOC charge within 180 days of an alleged employment practice, unless the plaintiff first files with a state agency in a deferral jurisdiction, in which case the plaintiff has 300 days to file the charge. 42 U.S.C. § 2000e–5(e)(1). Illinois is a deferral jurisdiction. *Casteel v. Exec. Bd. of Local 703 of the Int'l Bhd. of Teamsters,* 272 F.3d

463, 466 (7th Cir.2001). The parties and the district court assumed that the 300-day period applies, and because it makes no difference to the outcome of this case, we will do the same.

The doctrines of equitable estoppel and equitable tolling are both defenses to the statute of limitations and can allow a plaintiff to maintain an otherwise untimely claim. Equitable estoppel applies if a plaintiff shows that a defendant deliberately prevented her from bringing a timely claim. *Beckel v. Wal–Mart Assoc., Inc.,* 301 F.3d 621, 622 (7th Cir.2002). Equitable tolling applies if, despite all due diligence, a plaintiff is unable to obtain enough information to conclude that she has a claim. *Jackson v. Rockford Hous. Auth.,* 213 F.3d 389, 396 (7th Cir.2000). An employee's pursuit of her claim through her employer's internal grievance process, however, does not toll the limitations period. *Del. State Coll. v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Williamson v. Ind. Univ.,* 345 F.3d 459, 462–63 (7th Cir.2003).

Hendricks does not dispute that she learned in May 1998 that IDHS hired a white woman instead of her but did not file a charge with the EEOC until August 6, 1999. Equitable estoppel does not apply to Hendricks's failure-to-promote claim because she offered no evidence that IDHS deliberately prevented her from bringing a timely claim. Equitable tolling is also unavailable because she had enough information to conclude that she had a claim in May 1998. Hendricks's EEOC charge was not filed within 300 days of the disputed hiring, and the district court properly granted summary judgment on the failure-to-promote claim.

■ Hendricks argues next that the district court should have denied summary judgment on her hostile work environment claim because she sufficiently showed that IDHS's conduct was abusive and racially-motivated.

Under Title VII, a hostile work environment exists when racially-motivated conduct is so severe or pervasive that it is objectively hostile and the victim herself finds it abusive. *See Nat'l R.R., Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *see also Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); 42 U.S.C. § 2000e–2(a)(1). In evaluating hostile work environment claims, courts should examine the frequency of the alleged discriminatory conduct, its severity, whether it is humiliating or merely offensive, and whether it interferes with an employee's work performance. *Nat'l R.R.,* 536 U.S. at 116. Unpleasant or boorish behavior is not prohibited by Title VII; a work environment will be actionable only if it is "hellish." *Rogers v. City of Chicago,* 320 F.3d 748, 752 (7th Cir. 2003) (in the context of a sexual harassment claim).

Hendricks acknowledges that her employer did not subject her to any racially-charged comments or threats; she argues instead that her supervisors were indirectly harassing her by keeping her from advancing professionally and by reprimanding her and denying her access to client files. This alleged conduct, however, falls short of the severe or pervasive conduct prohibited by Title VII. *See Patton v. Indianapolis Pub. Sch. Bd.,* 276 F.3d 334, 339 (7th Cir.2002) (affirming summary judgment for defendant on plaintiff's hostile work environment claim that her supervisors treated her rudely, ignored her suggestions, concealed information about changes at work, and severely criticized her without good reason); *see also Rogers,* 320 at 752 (affirming district court's holding that sexually-charged comments occurring over a period of several months were

not egregious enough to create a hostile work environment). Although her supervisors may have treated her poorly without good reason, Hendricks has not shown that their conduct was so severe that it created an objectively hellish environment. The district court correctly found that Hendricks could not establish that IDHS's conduct created a hostile work environment.

We AFFIRM the judgment of the district court.