In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1266

JOHN VERGARA, et al.,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-cv-02407 — **Andrea R. Wood**, *Judge*.

ARGUED APRIL 17, 2019 — DECIDED SEPTEMBER 30, 2019

Before MANION, SYKES, and BRENNAN, *Circuit Judges*.

SYKES, *Circuit Judge*. John Vergara, Carlos Ruiz, and Jose
Garcia filed a civil-rights lawsuit against the City of Chicago
and Chicago Police Officers John Dal Ponte, Boonserm
Srisuch, and Perry Nigro. The defendants moved to dismiss
the suit as untimely. The plaintiffs asked the district judge to
equitably estop the defendants from raising the limitations
defense, claiming that the officers intimidated them into
silence.

The judge dismissed the suit in a minute order saying she would later file an opinion explaining her reasons. The promised opinion came almost two years later, and the plaintiffs then appealed. Under the Rules of Appellate Procedure, however, entry of judgment for appeal purposes occurred 150 days after the judge's minute order, *see* FED. R. APP. P. 4(a)(7)(A), and the 30-day time to file a notice of appeal ran from that date, *see Walker v. Weatherspoon*, 900 F.3d 354, 356 (7th Cir. 2018). The appeal was therefore woefully late.

The defendants noted the untimeliness problem in their docketing statement, but this filing too was quite late. Our circuit's rules require the appellee to identify errors in the appellant's docketing statement within 14 days. 7TH CIR. R. 3(c)(1); *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835, 839 (7th Cir. 2018). The defendants missed that deadline by about six months.

After disentangling this procedural web, we decline to dismiss the appeal. The defendants' objection to the Rule 4(a) violation came too late under Circuit Rule 3(c)(1). But the suit is untimely, and our precedent forecloses the plaintiffs' equitable estoppel theory. We affirm.

## I. Background

This case comes to us from a dismissal on the pleadings, so we accept the following facts from the plaintiffs' complaint as true. *See Price v. City of Chicago*, 915 F.3d 1107, 1109 (7th Cir. 2019). In September 2011 Chicago Police Officers Dal Ponte, Srisuch, and Nigro stopped and searched the plaintiffs without justification and took them to Homan Square, a notorious police warehouse that was later exposed

as a den of police misconduct. There the officers interrogated the plaintiffs for eight or nine hours, omitting *Miranda* warnings and ignoring their repeated requests for an attorney. The plaintiffs were denied food, water, and access to a bathroom, and the officers tried to coerce false confessions from them. The officers also threatened to file false charges against the plaintiffs if they told anyone about their mistreatment at Homan Square.

The plaintiffs were released only after they agreed to keep quiet about what had happened. Over the next two weeks, the officers told the plaintiffs they "were watching" them. Fearing for their safety, the plaintiffs did not seek legal redress for this police misconduct.

In early 2015 the *Guardian* newspaper ran an exposé on Homan Square, and at that point the plaintiffs felt secure enough to speak to an attorney. In March they sued the City and the three officers under 42 U.S.C. § 1983 alleging a raft of constitutional violations. But the suit came three and a half years after their detention, so the defendants moved to dismiss it as untimely under the applicable two-year statute of limitations.

On March 31, 2016, the district judge issued a minute order dismissing the suit "[f]or the reasons stated in the Memorandum Opinion and Order to follow." The judge issued her opinion almost two years later, on January 31, 2018, together with a Rule 58 judgment. *See* FED. R. CIV. P. 58(a). On February 6, 2018, the plaintiffs filed their notice of appeal and docketing statement.

By then, however, the time to appeal had long since expired. A notice of appeal is due 30 days after entry of the

judgment or order appealed from, but when the district court omits a separate Rule 58 judgment, "entry" occurs 150 days after the judgment or order is entered on the court docket. *See* FED. R. APP. P. 4(a)(7)(A). Here the judge dismissed the case by minute order entered on March 31, 2016. By operation of Rule 4(a)(7)(A), that order was deemed "entered" for appeal purposes 150 days later, and the time to file a notice of appeal expired 30 days after that.

On August 17, 2018, the defendants filed their docketing statement noting the untimeliness problem and moved to dismiss the appeal. We directed the parties to brief the dismissal motion with the merits.

## II. Discussion

We begin by untangling the procedural snarl. Under Rule 4(a) of the Federal Rules of Appellate Procedure, the plaintiffs had to file a notice of appeal within "30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Rule 4(a) also specifies how to calculate the date of "entry." For most civil judgments, including this one, the date of entry is the earlier of (1) the day "the judgment … is set forth on a separate document" in accordance with Rule 58(a) of the Federal Rules of Civil Procedure, or (2) "150 days … from entry of the judgment or order in the civil docket." FED. R. APP. P. 4(a)(7)(A).

The February 6, 2018 notice of appeal was clearly untimely under these rules. The judge dismissed the case by minute order on March 31, 2016. Her opinion explaining her reasons came two years later—on January 31, 2018—along with a Rule 58 judgment. Because of this unusual gap, the dismissal order's date of entry was 150 days after March 31, 2016—or

August 29, 2016. The plaintiffs had 30 days from that date to appeal. The notice of appeal came a year and a half later.

The question is whether the plaintiffs' procedural misstep requires dismissal of the appeal. Rule 4(a) is not jurisdictional, but it *is* a mandatory claim-processing rule, *see Walker*, 900 F.3d at 356, which means that it "must be enforced" if it is "properly invoked," *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017). Still, we have emphasized that "[t]he 'properly invoked' qualifier is important, for a litigant may … forfeit the benefit of these rules." *Walker*, 900 F.3d at 356.

That's exactly what the plaintiffs accuse the defendants of doing. The plaintiffs argue that the defendants forfeited their objection by failing to comply with our circuit rules. Circuit Rule 3(c)(1) requires that if an appellant's docketing statement "is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement." The defendants didn't comply with this deadline. They delayed filing their corrective docketing statement until August 17, 2018—six months after the plaintiffs filed theirs—only then drawing our attention to the untimeliness problem.

We think the plaintiffs have a good point about forfeiture. *Cf. Walker*, 900 F.3d at 357 (holding that parties can waive arguments through docketing statements); *Hamer*, 897 F.3d at 840 (holding the same). As a "time limitation found in a procedural rule," Circuit Rule 3(c)(1) is a claim-processing rule. *In re Wade*, 926 F.3d 447, 449 (7th Cir. 2019) (quotation marks and alteration omitted). We may enforce our rules through waiver and forfeiture doctrine. *See Walker*,

900 F.3d at 357 ("Enforcing waivers and forfeitures gives litigants incentives to explore issues themselves rather than wait for the court to do the work. It is best to have defects detected in time to dismiss the appeal without the need for briefs and argument.").

The defendants forfeited their Rule 4(a) objection by missing the deadline specified in Circuit Rule 3(c)(1). The rule gave them 14 days to correct the record if the plaintiffs' docketing statement wasn't "complete and correct." And the plaintiffs' docketing statement wasn't correct. A docketing statement must include "[t]he date of entry of the judgment … sought to be reviewed." 7TH CIR. R. 28(a)(2)(i). The plaintiffs incorrectly reported the date of entry as January 31, 2018. As we've explained, the correct date of entry is August 29, 2016. Under Circuit Rule 3(c)(1), the defendants had to correct the record within 14 days. They waited six months. That's enough for forfeiture.

To be sure, we can suspend our rules for "good cause." 7TH CIR. R. 2. So Circuit Rule 3(c)(1) isn't a *mandatory* claim-processing rule like Rule 4(a). *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) (stating that whether a claim-processing rule is mandatory turns "on whether the text of the rule leaves room for … flexibility"). But the defendants haven't given us good cause to suspend the rule. Disrupting an otherwise orderly appeal with an untimely objection in the middle of briefing is a proper ground to enforce forfeiture. By not following our rules, the defendants' objection "just complicated the appeal." *Walker*, 900 F.3d at 357. We deny the motion to dismiss the appeal.

That brings up the merits. We review a dismissal order de novo. *Ochoa v. State Farm Life Ins. Co.*, 910 F.3d 992, 994

(7th Cir. 2018). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (quotation marks omitted).

The plaintiffs' complaint fits that description. Indeed, the plaintiffs don't dispute that their lawsuit is untimely. They instead invoke equitable estoppel, which bars a limitations defense if "the defendant took active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 721 (7th Cir. 2004) (quotation marks and alteration omitted). To raise equitable estoppel, the plaintiff must actually and reasonably rely on the other party's actions. *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000).

The plaintiffs contend that police intimidation can justify equitable estoppel. We have repeatedly disagreed: "[A] threat to retaliate is not a basis for equitable estoppel." *Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 624 (7th Cir. 2002); *accord Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 702 (7th Cir. 2001). "To allow the use of retaliation as a basis for extending the statute of limitations would … distort the doctrine of equitable estoppel." *Beckel*, 301 F.3d at 624.

The plaintiffs' theory—that the officers' threats intimidated them into silence until the *Guardian*'s exposé provided "a newfound sense of security"—suffers from the same deficiencies as other retaliation claims. Most importantly, it would significantly expand our equitable-estoppel doctrine without a limiting principle. It allows retaliatory threats to

*indefinitely* extend the time to sue. But the protection offered by equitable estoppel ends when "the circumstance giving rise to the estoppel is removed." *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 597 (7th Cir. 2001). The problem with the plaintiffs' argument is readily apparent: They contend that the officers' threats, which stopped two weeks after the alleged constitutional violations, tolled the limitations period for the next three and a half years.

Statutes of limitations "serve the important purpose of encouraging the prompt filing of claims and by doing so of enhancing the likelihood of accurate determinations and removing debilitating uncertainty about legal liabilities." *Shanoff*, 258 F.3d at 703 (quotation marks omitted). Extending equitable estoppel to this case would permit plaintiffs to avoid the limitations period for § 1983 claims indefinitely by alleging an episode of official intimidation. We cannot endorse such an expansion of the doctrine. *See id.* at 702 ("[T]he Supreme Court has emphasized that we must seriously recognize and apply statutes of limitations.").

In short, the suit is untimely, equitable estoppel does not apply, and the judge was right to dismiss the case.

AFFIRMED