> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2254

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:13-cr-30084-SMY |
| DONALD RIDLEY, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Donald Ridley, a federal inmate who has chronic lung disease, prediabetes, obesity, and asthma, appeals the denial of his motion for compassionate release based on his heightened risk from COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court did not abuse its discretion in finding that the sentencing factors of 18 U.S.C. § 3553(a) weighed against his early release, we affirm.

About six years into his 246-month sentence for bank robbery and related offenses, Ridley moved for a sentence reduction under § 3582(c)(1)(A)(i) based on what he regarded as an extraordinary and compelling reason for release—his medical conditions (chronic lung disease, obesity, prediabetes, and asthma) combined with the spread of COVID-19 through the prison. He also argued that early release was supported by the § 3553(a) sentencing factors, specifically his history of rehabilitated conduct like successfully completing anger-management classes.

The district court denied Ridley's motion on June 17, 2021. It found that Ridley's health issues were not extraordinary and compelling reasons for release, given that he had refused an effective vaccine against COVID-19. In addition, the court found that—despite Ridley's claims of rehabilitation—the Bureau of Prisons classified him as having a high risk of recidivism because he had committed multiple disciplinary infractions in prison.

Ridley had fourteen days from the entry of judgment to file his notice of appeal, FED. R. APP. P. 4(b)(1)(A)—that is, until July 1. But his notice of appeal was not received by the district court until July 7, 2021. The notice of appeal, which was postmarked in a state different from where he was incarcerated, thus appeared to be mailed from outside Ridley's prison. If he did not use his prison's legal mail system, he could not qualify for the prison-mailbox rule, FED. R. APP. P. 4(c), in which case his appeal would be untimely.

Ridley represented in his docketing statement that he sent his notice of appeal via pre-paid U.S. mail on June 25, 2021. The government did not attempt to contest this representation in a corrective docketing statement, as required by Circuit Rule 3(c)(1). ("If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.") The government did not raise the issue of the untimeliness of Ridley's appeal until it filed its appellee brief in late November 2021; in that brief, the government asks us to dismiss the appeal as untimely.

Rule 4(b) is not jurisdictional, but it is a mandatory claim-processing rule, *see United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010), which means that it "must be enforced" if it is "properly invoked." *Vergara v. City of Chicago*, 939 F.3d 882, 885 (2019)

(internal quotations omitted). We have emphasized the importance of the "properly invoked" qualifier: a litigant may forfeit the benefit of such a rule. *Id.*

The government forfeited its Rule 4(a) objection by missing the deadline specified in Circuit Rule 3(c)(1). Under the rule, the government had 14 days to correct the record if Ridley's docketing statement was not "complete and correct." His docketing statement appears not to have been correct because it did not include when the notice of appeal was filed with the district court, and instead included a mailing date. Under Circuit Rule 3(c)(1), the government had to correct the record within 14 days but it waited two months. That is sufficient for forfeiture. *See Vergara*, 939 F.3d at 886 (forfeiture when civil defendants waited six months to correct record).

Turning to the merits, then, we understand Ridley to argue on appeal that the district court erred in its consideration of the § 3553(a) sentencing factors by overlooking his rehabilitation in prison. In Ridley's view, the district court should have considered that he was not a potential danger to public, *see* 18 U.S.C. § 3553(a)(2)(C), because he had "grown and become a much better person" while incarcerated.

The district court did not abuse its discretion by failing to credit Ridley's contentions of reform. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). All the court had to do was evaluate the § 3553(a) sentencing factors and produce, at minimum, "one good reason" to deny compassionate release. *United States v. Rucker*, -- F.4th ---, 2022 WL 610625, at *2 (7th Cir. Mar. 2, 2022). Here, the district court furnished more than one good reason. It cited the seriousness of Ridley's original offenses, his multiple disciplinary infractions, and his high risk of recidivism as elements of Ridley's personal history and characteristics that weighed against early release. No more was required.

AFFIRMED