FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CAROLYN CASTILLO,

    Plaintiff - Appellant,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY,

    Defendants - Appellee.

No. 23-2154
(D.C. No. 1:22-CV-00968-KG-JFR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

This suit was brought by a policyholder against her insurer, Allstate

Property and Casualty Insurance Company. The central issue on appeal

involves the timeliness of claims under a policy for underinsured motorist

benefits. Timeliness turns on when the claims accrued.

---

[*]     The parties don't request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The district court concluded that all the claims were untimely as a matter of law and sanctioned the policyholder's counsel. We agree with the rulings based on the policyholder's arguments in district court and on appeal.

## Background

**1.    The policyholder is injured in an accident caused by an underinsured driver.**

Ms. Carolyn Castillo was hurt in a car wreck in 2013; she wasn't at fault. The fault lay with another driver who had liability insurance, but that driver's policy had a $25,000 limit. So Ms. Castillo submitted a claim on her Allstate policy for underinsured motorist benefits. When Allstate failed to pay, Ms. Castillo sued for benefits on November 15, 2016.

In 2017, Ms. Castillo allegedly offered to settle with Allstate, but Allstate didn't respond. She later received $25,000 from the other driver's insurer. An arbitration panel decided that Ms. Castillo was entitled to underinsured motorist benefits and awarded her $275,000,[1] which Allstate paid. Dissatisfied, Ms. Castillo sued Allstate on November 21, 2022.[2]

---

[1]    The panel initially awarded Ms. Castillo $425,000 for her bodily injuries. But the state court revised that award to $275,000 because the policy limit had been only $300,000. *See Castillo v. Allstate Prop. & Cas. Ins. Co.*, 523 P.3d 643, 646, 649–50 (N.M. Ct. App. 2022).

[2]    Ms. Castillo sued in state court, and Allstate removed the action to federal district court.

**2.    The district court enters judgment for Allstate.**

In this action, Ms. Castillo claimed bad faith, breach of contract, and statutory violations. Allstate moved for judgment on the pleadings and for sanctions. The district court granted the motions for judgment and sanctions.

## Discussion

**1.    The district court didn't err in granting judgment on the pleadings.**

The main issue is whether the court erred in granting judgment to Allstate.

**a.    We review the ruling based on the standard in district court.**

When considering that judgment, we conduct de novo review. *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1200 (10th Cir. 2016). So we apply the same standard that applied in district court. *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 530 (10th

Cir. 2016). In district court, the issue was whether Ms. Castillo had stated a claim on which relief could be granted. *Jordanelle*, 830 F.3d at 1200. For that inquiry, the district court needed to credit Ms. Castillo's factual allegations and construe them favorably to her. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).

In addition to the factual allegations in the complaint, Allstate relied on public records for the timing of certain events. Ms. Castillo also relies on those records; so we consider them, too.

**b.      We apply New Mexico law.**

We apply this standard based on the forum state's law on the statute of limitations. *Allen v. Env't Restoration, LLC*, 32 F.4th 1239, 1243 (10th Cir. 2022). The forum state is New Mexico, so we apply its law on the limitations period. The parties agree on the applicable periods of limitation, but disagree on when the causes of action accrued.

**c.      The statutory claims are untimely.**

Ms. Castillo invoked two state laws:

1.      The Trade Practices and Frauds Act, N.M. Stat. Ann. § 59A-16-20 (West 2023)

2.      The New Mexico Insurance Code, N.M. Stat. Ann. § 59A-5-26 (West 2023)

Invoking these laws, Ms. Castillo claims that Allstate

- delayed payment without justification,

- compelled insureds to sue in order to get full payment,

4

- failed to use proper standards to investigate and process claims, and

- failed to promptly and equitably settle the claim when liability became reasonably clear.

The parties agree that

- a four-year period of limitations applies on the statutory claims, N.M. Stat. Ann. § 37-1-4; *see Martinez v. Cornejo*, 208 P.3d 443, 452 (N.M. Ct. App. 2009), and

- this period accrued when the alleged statutory violations would have taken place, *see Smith v. Galio*, 617 P.2d 1325, 1329 (N.M. Ct. App. 1980).

Ms. Castillo argues that her claim accrued when Allstate forced her to go through arbitration and failed to respond to her settlement offer. We reject both arguments.

In district court, Ms. Castillo argued that Allstate had violated the statutes when the arbitration panel entered an award (November 2019). On appeal, Ms. Castillo abandons that argument, urging instead that Allstate had violated the statutes even earlier by resorting to arbitration rather than voluntarily paying the claim. Ms. Castillo didn't make this argument in district court. So we would ordinarily consider this argument under the plain-error standard. *United States v. McBride*, 94 F.4th 1036, 1044 (10th Cir. 2024). But Ms. Castillo hasn't argued plain error. So we decline to consider this argument. *Id*.

Ms. Castillo also argues that the statutory violations took place only when Allstate failed to respond to a settlement offer (May 2017). But

Ms. Castillo did not make this argument in district court. We would ordinarily consider this argument under the plain-error standard, but decline to do so because Ms. Castillo has not argued plain error. *See* p. 5, above.

### d.   The contract claims are untimely.

Ms. Castillo also claims breach of contract. For this claim, the limitations period is six years. N.M. Stat. Ann. § 37-1-3A. This claim accrued when the breach took place. *Welty v. W. Bank of Las Cruces*, 740 P.2d 120, 122 (N.M. 1987). But the parties disagree on the timing of the alleged breach.

Ms. Castillo argues that the contract claim didn't accrue until Allstate failed to negotiate in good faith. This argument is impossible to square with Ms. Castillo's earlier suit against Allstate. In that suit, Ms. Castillo alleged on November 15, 2016, that Allstate owed her money on the policy for underinsured motorist coverage. So the alleged contractual breach had to have taken place before November 15, 2016. But Ms. Castillo waited more than six years to sue for breach of contract.

According to Ms. Castillo, she hadn't alleged a contractual breach. Regardless of whether Ms. Castillo had styled the action as one for breach of contract, however, she had alleged a right to payment under the policy. So by November 15, 2016, Ms. Castillo had alleged facts that would have constituted a breach of contract.

6

On appeal, Ms. Castillo also asserts two other events in 2017 as the accrual dates: (1) the other driver's admission of liability and (2) Allstate's failure to continue negotiating in good faith. But in district court, Ms. Castillo hadn't argued that these events would have delayed accrual of the contract claim. The failure to preserve these arguments would ordinarily trigger plain-error review; but Ms. Castillo didn't urge plain error, so we decline to consider these arguments. *See* p. 5, above.

### e.     The bad-faith claim is untimely.

Ms. Castillo also claims bad faith. For this claim, the parties agree on the applicability of a six-year period of limitations. N.M. Stat. Ann. § 37-1-3A. So the question is whether this claim had accrued by November 21, 2016.

In district court, Ms. Castillo argued only that this claim had accrued on May 25, 2017, at the earliest, with her settlement offer to Allstate. On appeal, Ms. Castillo abandons this argument, insisting that the bad-faith claim didn't accrue until

- the other driver admitted liability (August 2017) and

- Allstate later declined to negotiate in good faith.

In addition, Ms. Castillo argues that the limitations period reset with each wrongful act. But in district court, Ms. Castillo did not make these arguments; and she hasn't asked us to apply the plain-error standard. So we

decline to consider Ms. Castillo's new appellate arguments. *See* p. 5, above.

**2.    The district court didn't err in imposing sanctions.**

The district court also imposed sanctions against Ms. Castillo's attorneys. These attorneys challenge the sanctions; Allstate responds that we lack jurisdiction over the attorneys' challenge and the district court didn't err in imposing sanctions. We reject Allstate's jurisdictional challenge, but we conclude that the district court didn't err.

**a.    We have jurisdiction over the challenge.**

Ms. Castillo's attorneys filed a notice of appeal on their client's behalf, but the notice didn't mention the sanctions order. That order became final on November 8, 2023, when the district court set the amount. Ms. Castillo's attorneys then had 30 days to file a new notice of appeal on the sanctions order. Fed. R. App. P. 4(a)(1)(A). The attorneys didn't file a new notice of appeal.

But they filed a motion to stay the order assessing attorneys' fees. In the motion, the attorneys urged judicial economy "in the event the sanctions award is reversed." Doc. 35 at 2–3.[3] The motion for a stay thus provided the functional equivalent of a new notice of appeal as to the sanctions order. Fed. R. App. P. 3(c)(7); *see Smith v. Barry*, 502 U.S. 244,

---

[3]    This motion doesn't appear in Ms. Castillo's appendix.

248 (1992) (stating that sufficiency of a notice of appeal depends on the notice afforded by the document). So Ms. Castillo's attorneys did timely appeal the sanctions order.

### b. The district court didn't err in ordering sanctions.

We thus consider whether the district court erred in ordering sanctions under Fed. R. Civ. P. 11. For this inquiry, we consider the applicable standard. Ms. Castillo's attorneys urge de novo review; Allstate urges application of the abuse-of-discretion standard. We generally apply the abuse-of-discretion standard. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). But we conduct de novo review when the exercise of discretion depends on the resolution of a purely legal issue. *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023).

The district court ordered sanctions based in part on pure legal issues. For example, the court reasoned that the allegations in the complaint had been "patently time-barred." Appellant's App'x at 120–21. But the court also relied on other shortcomings, such as a lack of candor about the prior litigation. *Id*. Because the court didn't base sanctions solely on legal issues, we apply the abuse-of-discretion standard. *See Obeslo*, 85 F.4th at 1005.

In our view, the district court didn't abuse its discretion in ordering sanctions. For example, the court pointed out that the attorneys had alleged a failure to pay the initial arbitration award ($425,000) without disclosing

9

the reduction to $275,000. In fact, however, Allstate paid the entire amount of the reduced arbitration award.

Ms. Castillo's attorneys argue that they didn't need to include the reduction when specifying the historical events. But the court could reasonably disagree because the attorneys had alleged a failure to fully pay the initial arbitration award of $425,000. The district court reasonably characterized this allegation as deceptive because Allstate had paid the entire amount of the reduced award.

In addition, Ms. Castillo's attorneys don't mention three of the district court's reasons for ordering sanctions:

1.    The attorneys didn't present an adequate argument to apply the discovery rule to accrual of the claims.

2.    The attorneys lacked justification to allege deceit by Allstate's counsel.

3.    The attorneys misstated the law by arguing that Rule 11 wouldn't support sanctions because the action had originated in state court.

The district court didn't abuse its discretion in relying on a lack of candor, and the attorneys haven't provided a reason to question three of the court's grounds for sanctions. As a result, we conclude that the district court didn't err in ordering sanctions against Ms. Castillo's attorneys.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge