**Eric WILLIAMS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3158.

United States Court of Appeals, Federal Circuit.

Dec. 26, 2002.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Eric Williams ("Williams") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal as untimely filed. *Williams v. Dep't of the Navy,* No. AT3443010583–I–1 (M.S.P.B. Jan.23, 2002). We *vacate* the Board's decision and *remand* the case for further proceedings.

I

In his appeal to the Board, Williams alleged that the Department of the Navy ("Navy") failed to give him veterans' preference when considering him for accountant position vacancies. The Navy justified its hiring decisions on the ground that Williams did not meet the qualification requirements for the positions he sought. While Williams countered that he had the requisite qualifications, the Board ruled that Williams's appeal was untimely filed and dismissed it without adjudicating the dispute over Williams's qualifications.

Thus, the only question before us is whether the Board correctly dismissed Williams's appeal as untimely. If Williams can prevail on the timeliness issue, the Board must then decide on remand whether Williams had the qualifications for the positions he sought and whether the Navy should have granted him veterans' preferences in its hiring selection.

## II

The Veterans Employment Opportunities Act of 1998 ("VEOA"), codified at 5 U.S.C. § 3330a, grants preferences to veterans who seek federal employment. If the employing agency rejects the veteran's request for preference employment, the VEOA vests the veteran with the right to challenge that rejection before the Board. However, the Board may review that challenge only after the veteran first seeks relief from the Department of Labor ("DOL"). When a veteran files a complaint with the DOL, as Williams did, the Department must investigate the allegations in the complaint. If the DOL determines that the complaint lacks merit, it gives written notification of that fact to the veteran. Under the VEOA, the veteran may then appeal the alleged violation to the Board, "in accordance with such procedures as the Merit Systems Protection Board shall prescribe." 5 U.S.C. § 3330a(d)(1) (2000). The statute, however, requires the veteran to file his appeal with the Board no later than 15 days after receiving the DOL's written notification. *Id.* ("[I]n no event may any such appeal be brought ... later than 15 days after the date on which the complainant receives written notification....").

In this case, the DOL sent a letter dated September 8, 2000, to Williams, notifying him of the denial of his request for veterans' preference. The letter explained why, in the DOL's view, Williams did not have the qualifications for the positions he sought. The letter concluded by wishing him, "[g]ood luck in your future endeavors." The letter did not inform Williams about his right to appeal the adverse decision to the Board or about the 15–day window to file that appeal. In short, the letter was completely silent about all aspects of the veteran's right to appeal to the Board.

On May 22, 2001, Williams filed his appeal with the Board. Williams asserted, uncontestedly, that he was not informed by the DOL of his appeal rights or the time in which he needed to file the appeal. He further contended that he only recently learned that he had appeal rights. The Administrative Judge presiding over his case ruled against him, reasoning that the VEOA does not require the DOL to notify the veteran of his appeal rights to the Board. In reaching that ruling, the Administrative Judge relied on Board precedent involving appeal rights to the Board under the Whistleblower Protection Act, 5 U.S.C. § 1214(a)(3)(A)(ii). In those cases, the Board held that the time for appeal cannot be waived for good cause shown, because such a waiver can be granted only where (1) the statute or regulation specifies the circumstances for waiver, (2) grounds for equitable tolling are shown, or (3) an agency's failure to give mandatory notice of appeal rights warrants vitiation of the time limit for filing an appeal. *Wood v. Dep't of the Air Force,* 54 M.S.P.R. 587, 592 (1992). According to the Administrative Judge, none of those factors was applicable in Williams's case, thus requiring dismissal of the appeal as untimely filed.

Williams sought review from the full Board, which was granted. The Board's opinion noted that it had not previously addressed the application of VEOA filing deadlines. *Williams,* No. AT3443010583–I–1, slip op. at 3. The Board adopted the Administrative Judge's analogy to the Whistleblower Protection Act and Board precedent related to that Act. *Id.* at *3–4. The Board then noted that the VEOA is even more restrictive than the Whistleblower Protection Act, since it expressly provides that "in no event may any such appeal be brought ... later than 15 days after the date on which the complainant receives written notification...." *Id.* at *4 (quoting 5 U.S.C. § 3330a(d)(1)) (em-

phasis removed). The Board thus held that the VEOA's 15–day filing limit was not subject to waiver for good cause shown, although the time limit is subject to the doctrine of equitable tolling. *Id.* at *4–5. Applying that holding to Williams's situation, the Board ruled that Williams failed to allege any fact that would bring him within the doctrine of equitable tolling. Accordingly, the Board dismissed Williams's appeal as untimely filed.

Williams timely sought review in this court. We have jurisdiction over Williams's petition for review pursuant to 28 U.S.C. § 1295(a)(9).

### III

We may upset a final decision of the Board only when that decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1) (2000). When a Board decision rests on findings of fact, we may not disturb any fact-finding that is supported by substantial evidence. *Id.* § 7703(c)(3). The issues presented by Williams are questions of law, matters upon which we exercise our review authority without deference to the Board. *See Perry v. Dep't of the Army*, 992 F.2d 1575, 1578 (Fed.Cir. 1993).

Williams bases his petition for review on the DOL's failure to give him notice of his right to appeal. We do not understand him to argue that the VECA, on its face, requires the DOL to give notice of appeal rights. Instead, he argues that the Board failed to fully consider the legal issues that may arise in the alleged circumstances. *See Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed.Cir.2002) (en banc) (stating that "pro se pleadings must be given a liberal construction when considering whether an issue has been raised for jurisdictional purposes").

First, Williams asserts that, while the September 2, 2000, letter sent to him by the Department did not contain any notice of appeal rights, the DOL in fact gives such notice in other letters sent to veterans whose preference claims have been denied. In particular, he cites the practice of the DOL office in Fort Worth, Texas. When it denied a different claim Williams had filed there, the Fort Worth DOL office informed him of his appeal rights to the Board by citing to the VEOA and warning him in bold face type of the 15–day time limit. In contrast, the DOL office in Jackson, Mississippi did not include any notice of his right to appeal in the letter informing him about its denial of his complaint. Williams thus raises the question of whether the DOL's inconsistent practice is itself arbitrary, and therefore qualifies him for relief from the 15–day filing requirement under either the third leg of *Wood* or the doctrine of equitable tolling.

Second, Williams notes that there "are no laws on the book[s]" that relate to his situation. There is no apparent regulation that addresses his circumstances. In compliance with Congress's commands, the Board has promulgated certain regulations affording veterans appeal rights pursuant to the VEOA. *See* 5 C.F.R. § 1201.3(b)(1) (2002). Subpart A of those regulations provides that VEOA appeals "are governed by part 1208 of this title," and that subparts A, B, C, and F of part 1201 apply to appeals governed by part 1208. Subpart B of those regulations further provides that:

> When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:
>
> (a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c), and the address of the appropriate Board office for filing the appeal; . . . .

5 C.F.R. § 1201.21(a) (2002). Subpart B is expressly cross-referenced in section

1208.3 which governs appeals under the VEOA. *See* 5 C.F.R. § 1208.3 (2002) ("Except as expressly provided in this part, the Board will apply subparts A (Jurisdiction and Definitions), B (Procedures for Appellate Cases) ... of 5 CFR part 1201 to appeals governed by this part."). Despite the provisions of section 1201.21, the substantive regulations governing VEOA appeals, *see* 5 C.F.R. pt. 1208, do not expressly require the DOL to give notice of appeal rights to veterans denied relief by the Department. Moreover, the record before this court does not reflect whether the Board has issued regulations that require the DOL to give notice of appeal rights as required by section 1201.21. Nor does the record explain why, if and when such notice is given to "employees" as required by section 1201.21, such a regulation could fail to also give notice of appeal rights to veterans, such as Williams, who seek veterans' preference for entry level positions.

Nonetheless, it may be that section 1208.3 should be interpreted as (1) requiring notice to applicants as well as employees, and (2) as itself requiring such notice without the need for other regulations. In directing that subpart B of 5 C.F.R. part 1201 "apply" to all VEOA "appeals," section 1208.03 may be interpreted as itself requiring agency notice of appeal rights to all persons covered by section 1208.03, that is, both employees and applicants for employment. We do not now resolve this question of interpretation, which should be addressed by the Board itself in the first instance.

Construing *pro se* pleadings liberally as we must, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we take Williams to have raised these issues when he complained of a lack of laws on the books that adequately address the question of whether the DOL must give notice of appeal rights to veterans whose VEOA claims the Department finds unmeritorious. If the VEOA and the Board's regulations require the Board to demand that the DOL notify veterans of their appeal rights, then the Board must grant Williams a full hearing on whether the absence of such regulations induced him to miss the 15–day filing deadline or rendered the September 8, 2000, DOL letter a legal nullity for purposes of starting the 15–day clock running on Williams. If that letter fails to start the clock, then Williams will have timely appealed to the Board, regardless of whether he is also entitled to relief as a matter of equitable tolling.

Because the Board has not adequately addressed the legal issues presented by Williams, we conclude that its decision is not in accordance with law. *See* 5 U.S.C. § 7703(c)(1) (2000). We thus vacate the Board's decision and remand the case for examination and decision of the issues raised by Williams.