**Eric WILLIAMS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3008.

United States Court of Appeals, Federal Circuit.

DECIDED: March 8, 2004.

Eric Williams, of Counsel, Charleston, SC, for Petitioner.

Jeffrey Gauger, Principal Attorney, Joyce G. Friedman, of Counsel, Merit Systems Protection Board, Washington, DC, for Respondents.

Before CLEVENGER, RADER, and BRYSON, Circuit Judges.

## DECISION

### PER CURIAM.

Petitioner Eric Williams appeals the decision of the Merit Systems Protection Board, Docket No. AT–3443–01–0583–M–194 M.S.P.R. 400, dismissing his appeal for failure to file within the statutory time period of 15 days. We *affirm.*

## BACKGROUND

Mr. Williams, a veteran, filed a job application with the Department of the Navy in response to three vacancy announcements for positions as an accountant. In a letter dated July 27, 2000, the Navy informed Mr. Williams that he had not been selected for any of the advertised positions because he did not meet the minimum education and experience requirements. Pursuant to the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330a, Mr. Williams filed a complaint with the Department of Labor ("DOL") alleging that the Navy had violated his veterans' preference rights when it ruled him ineligible for the positions. In a letter dated September 8, 2000, DOL found that Mr. Williams was not selected for the positions in question because he did not meet the minimum requirements of the positions at the time of his application. The letter did not inform Mr. Williams of his right to appeal the matter to the Board or of the time period within which such an appeal could be taken.

Eight months later, in May 2001, Mr. Williams appealed the nonselection decision to the Board, arguing that the Navy's action had violated his veterans' preference rights. The administrative judge who was assigned to the case dismissed Mr. Williams's appeal as untimely in light of the provision of the VEOA establishing the period of time within which an appeal to the Board may be taken. The statute provides that if DOL does not resolve the veteran's complaint regarding the hiring agency's alleged violation of his veterans' preference rights to the veteran's satisfaction, the veteran may appeal to the Board, but that "in no event may any such appeal be brought ... later than 15 days after the date on which the complainant receives written notification from the Secretary [of Labor]." 5 U.S.C. § 3330a(d)(1).

The administrative judge concluded that she had no discretion to excuse Mr. Williams's late filing because the VEOA contains no provision for waiver of the statutory 15–day time limitation. In response to Mr. Williams's argument that the DOL did not advise him of his right to

appeal to the Board and the time limits for such an appeal, the administrative judge ruled that the VEOA does not require DOL to provide notice of appeal rights under the VEOA. The administrative judge also found no circumstances that would bring Mr. Williams's case within the doctrine of equitable tolling.

On January 23, 2002, the full Board, on its own motion, reopened the appeal and affirmed the initial decision as modified. *Williams v. Dep't of the Navy*, 90 M.S.P.R. 669 (2002). In that opinion the Board noted that the VEOA's statutory time limits are similar to the time limits for filing individual right of action (IRA) appeals under the Whistleblower Protection Act, 5 U.S.C. § 1213(a)(3)(A)(ii), in that both statutes set mandatory periods for filing that cannot be waived for good cause shown. The Board noted that the VEOA, like the Whistleblower Protection Act, does not require that the appellant be given notice of his appeal rights to the Board in order to trigger the time limit for filing a Board appeal. The Board further ruled that equitable tolling was not available to Mr. Williams because equitable tolling does not extend to mere "excusable neglect," and because Mr. Williams had not alleged any facts that would excuse the eight-month delay in filing his appeal.

On appeal to this court, we vacated the Board's order and remanded the case to the Board for resolution of two issues raised by Mr. Williams's appeal. First, we directed the Board to address whether 5 C.F.R. § 1208.3, which specifies that Board appeals under the VEOA are governed by 5 C.F.R. § 1201, should be interpreted as requiring DOL to inform veteran complainants of their appeal rights under the VEOA. Second, we directed the Board to determine whether DOL's failure to advise Mr. Williams of his appeal rights rendered the DOL letter of September 8, 2000, ineffective to trigger the 15–day filing requirement for an appeal to the Board. *Williams v. Merit Sys. Prot. Bd.*, 55 Fed.Appx. 538, 541 (Fed.Cir. Dec. 26, 2002).

On remand, the Board again dismissed Mr. Williams's complaint as untimely. *Williams v. Dep't of the Navy*, 94 M.S.P.R. 400 (2003). In response to this court's questions, the Board held that its VEOA regulation, 5 C.F.R. § 1208.3, which specifies that VEOA appeals will be conducted pursuant to the procedures set forth in 5 C.F.R. § 1201, does not require DOL to provide veterans with notice of their VEOA appeal rights. The Board explained that the letters issued by DOL in VEOA cases are not "decision notices" within the meaning of 5 C.F.R. § 1201.21(a), which requires an agency to provide notification of appeal rights when the agency "issues a decision notice to an employee on a matter that is appealable to the Board." In addition, the Board construed the mandatory language of the appeal period in the VEOA to bar the Board from issuing regulations that would allow an appeal to be filed "any later than the 15–day deadline, which begins upon receipt of the DOL close-out letter." The Board further noted that in the analogous setting of the Whistleblower Protection Act, an appeal to the Board cannot be brought until the appellant has sought relief from the Office of Special Counsel; in that setting, the Board pointed out, it had not interpreted 5 C.F.R. § 1201.21(a) to require the Office of Special Counsel to provide whistleblower claimants with notice of their appeal rights to the Board. *See Bauer v. Dep't of the Army*, 88 M.S.P.R. 352 (2001). The Board therefore concluded that there was no statutory or regulatory requirement that DOL notify the veteran complainant of his appeal rights, and that DOL was required only to notify the veteran of the results of the Department's

investigation. 5 U.S.C. § 3330a(c)(2). Finally, the Board reiterated its view that equitable tolling was not available in this case. First, the Board noted that VEOA provided that "in no event" should an appeal to the Board be filed later than 15 days after the DOL informs the veteran that his complaint has not been successfully resolved. That provision, the Board held, indicated a congressional intention to establish a period of repose for VEOA claims and barred equitable tolling. Second, the Board concluded that in any event Mr. Williams had not shown that DOL had engaged in any misconduct that induced or tricked him into allowing the filing deadline to pass. Because the case involved only a "garden variety claim of excusable neglect," the Board ruled that equitable tolling would not apply to Mr. Williams's case even if equitable tolling were generally available in VEOA appeals.

## DISCUSSION

◼ The issue that led to the previous remand in this case was whether the Board's regulations required DOL to apprise veterans with VEOA complaints of their right to appeal to the Board and the time period within which such an appeal could be taken. That issue involves the Board's interpretation of its own rules of practice and procedure, which the Board has promulgated to govern practice in Board appeals. When a court is asked to review an agency's interpretation of its own rules, the court grants "great deference" to the agency's interpretation, which is given controlling weight unless it is "plainly erroneous or inconsistent with the [language of the] regulation." *Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 439 (Fed.Cir.1996), *quoting Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). Accordingly, in light of the Board's interpretation of two provisions of its own rules, 5

C.F.R. § 1201.21 and 5 C.F.R. § 1208.3, following the remand from this court's earlier decision, our task is to determine whether the Board's interpretation of those rules is legally insupportable or plainly inconsistent with their text.

The Board ruled that section 1201.21 does not apply to DOL notification letters in VEOA cases because they are not "decision notices" within the meaning of the regulation. The Board further explained that it regarded the 15–day limitation period in the VEOA as mandatory and therefore declined to interpret its regulations as permitting the Board to excuse noncompliance with the 15–day limitation because of the absence of notification of appeal rights in the DOL letter.

In light of the great deference that is due to the Board's interpretation of its own procedural rules, we cannot say that the Board's interpretation is legally insupportable or inconsistent with the regulatory text. There is no statutory requirement that DOL provide notification of appeal rights; accordingly, if DOL has such an obligation, it can only be the product of a regulatory requirement. The regulation at issue, 5 C.F.R. § 1201.21(a), provides that notice of appellate rights must be given "[w]hen an agency issues a decision notice to an employee on a matter that is appealable to the Board." The text of the regulation does not directly apply to a case such as this one. Not only is the DOL letter not a "decision notice," as the Board ruled, but a job applicant such as Mr. Williams is not an "employee." It was therefore reasonable for the Board to conclude that the regulation did not impose a notification requirement on DOL. Although the Board might have given the regulation a broad interpretation and treated it as rendering DOL letters to VEOA com-

plainants ineffective to trigger the filing deadline in the absence of notification of appeal rights, the Board did not interpret its regulation in that fashion, and we cannot conclude that the Board's interpretation was plainly wrong. To be sure, it would be sound policy for DOL to apprise veterans of their appeal rights in all VEOA cases, particularly in light of the very short time limitation for filing a Board appeal. That is not to say, however, that the Board's regulations must be interpreted to incorporate that policy, particularly in light of the regulatory language, which does not directly apply to VEOA cases. Accordingly, we uphold the Board's ruling that its regulations do not require DOL to include notification of appeal rights in its VEOA letters and that the absence of such notification does not prevent those letters from triggering the 15–day appeal period.

█ Mr. Williams continues to press his argument that the Board should have applied the doctrine of equitable tolling in his case. On that issue, we agree with the Board that the time limitation in section 3330(a)(d)(1)(B) is mandatory and that it does not permit equitable tolling. That ruling is supported by the Supreme Court's decision in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 362, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991), which held that equitable tolling was not available under another federal statute that contained similar language providing that "[i]n no event" could suits be brought after a three-year period. Moreover, as the Board noted, Mr. Williams has not pointed to any misleading conduct or trickery on the part of DOL (or any other agency involved in his case). Thus, his claim is simply one of excusable neglect, which is not sufficient to trigger equitable tolling against the government even under statutes that have been held to

permit equitable tolling of limitations periods. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).