# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PHILIP W. TULLIS,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
DE-3330-17-0049-I-1[1]

DATE: November 9, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Philip W. Tullis</u>, Helena, Montana, pro se.

<u>Robert C. Burlison, III</u>, Esquire, San Antonio, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] The above-referenced docket number has been designated as the lead docket number in this matter and has been joined with the following docket numbers: DE-3330-17-0050-I-1, DE-3330-17-0051-I-1, DE-3330-17-0052-I-1, DE-3330-17-0053-I-1, DE-3330-17-0054-I-1, DE-3330-17-0055-I-1, DE-3330-17-0056-I-1, DE-3330-17-0057-I-1, DE-3330-17-0058-I-1, DE-3330-17-0059-I-1, DE-3330-17-0060-I-1, and DE-3330-17-0061-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his appeals under the Veterans Employment Opportunities Act (VEOA).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to address whether any complaints the appellant allegedly filed with the Office of Special Counsel (OSC) constituted defective pleadings filed during the statutory 60-day time period so as to support the application of equitable tolling, we AFFIRM the initial decision.

## BACKGROUND

¶2    On July 29, 2016, the appellant, a 10-point veteran, filed a number of VEOA complaints with the Department of Labor (DOL) challenging his nonselection for 12 positions with the agency.  Initial Appeal File (IAF), Tab 1 at 30.  On September 26, 2016, DOL closed the complaints on the bases that the appellant had not filed his claims within the VEOA statutory deadline of 60 days from the alleged violations, 5 U.S.C. § 3330a(a)(2)(A), and had not provided any additional information to refute this determination or any reason for waiving the

deadline. *Id.* at 32. The appellant then filed 13 VEOA appeals[3] with the Board, which the administrative judge joined under this lead appeal.[4] IAF, Tab 2. The appellant requested a hearing. IAF, Tab 1 at 2. The administrative judge issued an Order on VEOA Jurisdiction and Notice of Proof Requirements, which included information relating to the time limits for filing complaints with DOL. IAF, Tab 3. After considering the parties' submissions, IAF, Tabs 10-24, the administrative judge found that the appellant established the Board's jurisdiction over all the appeals, but that there appeared to be no dispute that he did not timely file his complaints with DOL. The administrative judge referred to his earlier order in which he explained the principle of equitable tolling and its potential applicability to DOL's statutory deadline, along with the parties' burdens of proof as to that matter. Subsequently, having received no information regarding the applicability of equitable tolling, the administrative judge afforded the appellant a further opportunity to address the issue, IAF, Tab 26, and he did reply, IAF, Tab 27, but after finding no genuine issues of fact in the appeal, the administrative judge set a date for the close of the record, IAF, Tab 28. Both parties responded. IAF, Tabs 29-31.

---

[3] The administrative judge noted the discrepancy between the 12 VEOA violations in the appellant's complaints to DOL and the 13 appeals he filed with the Board but found that he did not, in his filings, clearly correlate the vacancies at issue to the DOL complaints and the Board appeals. IAF, Tab 8 at 30. Because the administrative judge ultimately found no basis upon which to grant corrective action, he determined that the numerical discrepancy did not change the outcome of the appeals and, for the sake of judicial economy, made no further attempt to reconcile the discrepancy. IAF, Tab 32, Initial Decision at 3. The appellant has not, on petition for review, raised any specific argument in this regard, Petition for Review File, Tab 1, and therefore we will not address the matter further.

[4] The appellant also claimed, in connection with these same nonselections, that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act. The administrative judge docketed these appeals separately, but the appellant subsequently withdrew them. *Tullis v. Department of Veterans Affairs*, MSPB Docket No. DE-4324-17-0182-I-1, Initial Decision at 2 (Mar. 10, 2017). He did not file a petition for review of that initial decision, and it became the Board's final decision on April 14, 2017.

¶3 Thereafter, the administrative judge issued an initial decision on the written record in which he found, based on evidence submitted by the appellant, that the majority of the alleged violations of his veterans' preference rights occurred in 2015, with the latest allegedly occurring on May 15, 2016, all more than 60 days before July 29, 2016, when he filed his DOL complaints.  IAF, Tab 32, Initial Decision (ID) at 5-6.  The administrative judge then addressed whether the appellant had met his burden to show that the 60-day time limit should be equitably tolled, first considering his claim that, as to three of the nonselections, he mistakenly filed complaints with OSC.  The administrative judge found, however, that the appellant did not thereby allege that he was "induced or tricked" by the agency into allowing the filing deadline to pass.  ID at 7.  The administrative judge then considered the appellant's claim that his immediate supervisor "threatened" to terminate him "if he filed during his 'probationary' period," and that therefore he was justified in delaying filing the VEOA complaints until he allegedly resigned involuntarily in July 2016.  The administrative judge found no basis to interpret the principles and purposes of the equitable tolling so as to permit such delay, ID at 7-9, and accordingly denied the appellant's request for corrective action.  ID at 2, 10.

¶4 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition.  PFR File, Tab 3.

**ANALYSIS**

¶5 In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), the Supreme Court addressed the equitable tolling of statutory time limits in lawsuits against the Government.  As between private litigants, the Court acknowledged extending equitable relief only sparingly, allowing equitable tolling in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct in allowing the filing deadline

to pass." *Id.* at 96. The Court determined that "[b]ecause the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." *Id.* The Board has applied these criteria in adjudicating cases when, as here, an appellant fails to meet the 60-day filing deadline set forth at 5 U.S.C. § 3330a(a)(2)(a). *See, e.g.*, *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶¶ 17-18 (2012); *Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 8 (2009); *Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶¶ 10-14 (2009); *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 6 (2009).

¶6    On review, the appellant challenges the administrative judge's finding that he failed to meet either criterion. PFR File, Tab 1 at 11-13, 15. He first argues, as he did below, that since, in three of his appeals, he erroneously filed complaints with OSC, he thereby "filed a defective pleading during the statutory period." *Id.* at 11, 13, 15. In examining this claim, the administrative judge considered only whether the mistakenly filed complaints constituted an allegation by the appellant that he was induced or tricked by the agency, concluding that it did not because he never alleged that anyone at the agency sent him to OSC instead of DOL and that, in any event, ignorance of one's rights is not covered by equitable tolling. ID at 7. The appellant has not specifically challenged this finding and we find no basis upon which to disturb it. *Williams v. Department of the Navy*, 94 M.S.P.R. 400, ¶ 20 (2003) (finding that an agency's failure to advise an individual of appeal rights does not equate with inducing or tricking that individual into allowing a filing deadline to pass), *aff'd*, 89 F. App'x 714 (Fed. Cir. 2004).

¶7    The administrative judge did not, however, consider whether any complaints the appellant allegedly filed with OSC constituted defective pleadings filed during the statutory 60-day time period so as to support the application of equitable tolling. We therefore do so now. The appellant argued incongruously

below that he filed complaints with OSC on November 19, 2015, challenging alleged violations of veterans' preference that did not occur until January 5, 2016, and May 15, 2016. IAF, Tab 8 at 30. In any event, he did not submit below any such complaints to establish when they were in fact filed or whether they attempted to raise veterans' preference claims. *Brown*, 110 M.S.P.R. 381, ¶ 13. We find, therefore, that there is no evidence that the appellant filed a defective pleading within the statutory 60-day time period.

¶8        The appellant also disputes on review the administrative judge's finding that he did not establish that he was induced by the agency's misconduct to delay filing his VEOA complaints. PFR File, Tab 1 at 11-13, 15. The administrative judge considered the appellant's claim that his immediate supervisor "threatened" him with termination if he filed a VEOA complaint and that therefore he was justified in waiting until after he had resigned to file his VEOA claims. Relying on several Federal court decisions, the administrative judge found that any such threat did not serve to equitably toll the statutory filing deadline. *Beckel v. Wal-Mart Associates*, *Inc.*, 301 F.3d 621, 624 (7th Cir. 2002) (holding that applying equitable estoppel to a threat to fire an employee if he sued would "distort the doctrine of equitable estoppel" as well as "circumvent the limitations that Title VII imposes on suits for retaliation"); *Carter v. West Publishing Co.*, 225 F.3d 1258, 1266 (11th Cir. 2000) (holding that equitable estoppel did not apply where plaintiff waited to bring an Equal Employment Opportunity Commission charge out of fear of retaliation for doing so).[5] The administrative judge reasoned that the appellant also could have been fired after his probationary period, and that to allow him to wait until he was no longer an employee to file a VEOA complaint would mean that he could possibly wait years to file, an action

---

[5] Similar to equitable tolling, equitable estoppel is a principle that applies when a party makes false representations to induce another party to act and that party reasonably relies on the misrepresentations to his or her detriment. *Blaha v. Office of Personnel Management*, 108 M.S.P.R. 21, ¶ 9 (2007).

that would not be in accordance with the principles and purpose of equitable tolling.  ID at 9.

¶9        The appellant argues on review that he was not, in fact, a probationary employee but rather had 6 years of Federal service.[6]  PFR File, Tab 1 at 13.  Regardless of his status, however, even if his allegation that he was apprehensive about possible retaliation because he was threatened with removal is true, it does not reflect that he was thereby tricked or induced into allowing the filing deadline to pass and is not a ground for equitable tolling of that deadline.  *Beckel*, 301 F.3d at 626; *Carter*, 225 F.3d at 1266.

¶10       On review, the appellant argues that he was denied a hearing at which he could have provided witness testimony regarding his VEOA claims and the propriety of his nonselections.  PFR File, Tab 1 at 9-11.  The Board has held, however, that it has the authority to decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact.  *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009).  The matter about which the administrative judge properly found no genuine issue of fact was the applicability of equitable tolling, IAF, Tab 28, and although that is a determination on the merits, *Garcia*, 110 M.S.P.R. 371, ¶ 13, it precludes any consideration of the reasons for the appellant's nonselections.  Therefore, we need not consider the appellant's claims in this regard.

¶11       The appellant also argues on review that the administrative judge abused his discretion in not providing any warning as to the closing of the record.  PFR File, Tab 1 at 11, 15.  On the contrary, the record reflects that the administrative judge issued an Order Closing the Record on January 18, 2017, affording the parties

---

[6] With his petition for review, the appellant submitted a copy of a Standard Form 50 showing that he achieved career tenure on February 13, 2015.  PFR File, Tab 1 at 19.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has made no such showing.

until January 23, 2017, to submit additional evidence and argument, IAF, Tab 28, and that both the appellant and the agency responded, IAF, Tabs 29-31. Therefore, we find that the appellant has not shown any abuse of discretion by the administrative judge.[7]

¶12    With his petition, the appellant submitted a number of documents, some of which were a part of the record below.  PFR File, Tab 1 at 20-26; IAF, Tab 27 at 21-27.  Evidence that is already a part of the record is not new, *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980), and therefore, we have not considered these documents.  The remaining documents all predate the close of the record below.[8]  PFR File, Tab 1 at 27-30; IAF, Tab 28.  In the absence of any showing by the appellant that these documents were unavailable before the record was closed despite his due diligence, we have not considered them. *Avansino*, 3 M.S.P.R. at 214.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[7] The appellant also argues on review that he was subjected to harassment and that his July 26, 2016 resignation was involuntary.  PFR File, Tab 1 at 4-6.  That matter is not a part of the instant VEOA appeal.  Moreover, the appellant earlier filed an appeal challenging his resignation as involuntary, but he withdrew that appeal, resulting in an initial decision dismissing it with prejudice. *Tullis v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-17-0040-I-2, Initial Decision at 1-2 (Mar. 10, 2017).  That decision became the Board's final decision on April 14, 2017, when neither party filed a petition for review.

[8] These documents include some correspondence from OSC, PFR File, Tab 1 at 27-29, and a declaration the appellant prepared and signed on November 14, 2016. *Id.* at 30-31.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                 /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.